# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

VIVIANO DIAZ-RODRIGUEZ,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO. 16-2064 (JAG)

## MEMORANDUM AND ORDER

GARCIA GREGORY, D.J.

    Pending before the Court is Petitioner Viviano Diaz-Rodriguez's ("Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Motion"), Docket No. 1; Petitioner's Supplemental Brief in Support, Docket No. 6; Petitioner's Second Supplemental Brief in Support, Docket No. 9; and the government's Response in Opposition, Docket No. 24. After reviewing the Parties' arguments and the relevant case law, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's Motion.

    Petitioner first argues that, pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015), the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague and, thus, void. Docket No. 6 at 2-9. He then posits that, without the residual clause, his conviction under Count One—bank robbery in violation of 18 U.S.C. § 2113(a), (d)—does not qualify as a crime of violence and, thus, his conviction under Count Two—possession of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)—must be vacated. *Id.* at 9-15. While the Supreme Court recently held that § 924(c)(3)(B) is indeed unconstitutionally vague, *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019); the First Circuit has ruled that federal bank robbery is a "crime[] of violence

under the force clause of § 924(c)(3)," *Hunter v. United States*, 873 F.3d 388, 390 (1st Cir. 2017). *See also United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018) (rejecting the argument that "a conviction for aiding and abetting a Hobbs Act robbery cannot categorically constitute a 'crime of violence' under section 924's force clause" because 18 U.S.C. § 2 "makes an aider and abettor 'punishable as a principal,' and thus no different for purposes of the categorical approach than one who commits the substantive offense.") (citations omitted). Thus, Petitioner's offense of conviction still qualifies as a crime of violence under § 924(c)(3)'s force clause. Thus, the Court **DENIES** Petitioner's request as to his § 924(c)(1)(A) conviction.

Petitioner also argues that the residual clause in U.S.S.G. § 4B1.2(a)(2)—which is identical to the residual clause struck down in *Johnson*—is unconstitutionally vague and, thus, that he no longer qualifies as a career offender for purposes of the sentence enhancement in § 4B1.1. Docket No. 9. Neither the Supreme Court nor the First Circuit have decided whether defendants sentenced prior to *Booker* "may mount vagueness attacks on their sentences." *Beckles v. United States*, 137 S.Ct. 886, 903 n.4 (2017) (holding that, in light their advisory nature, the post *Booker* Sentencing Guidelines are not subject to due process vagueness challenges); *see Moore v. United States*, 871 F.3d 72 (2017). Nonetheless, the Court finds that the pre-*Booker* Sentencing Guidelines are subject to vagueness challenges because their mandatory nature fixes the statutory boundaries for sentences. *See Moore*, 871 F.3d at 81-82. As such, *Johnson* rendered unconstitutional the residual clause in § 4B1.2 that enhanced Petitioner's sentence.[1]

---

[1] Petitioner's challenge to his sentence relies on a new substantive rule under *Johnson* and, thus, the rule is retroactive on collateral review. *See Moore*, 871 F.3d 72, 74; *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016).

Therefore, to qualify as a career offender under the Sentencing Guidelines in effect at the time of his sentence, Petitioner must have had two prior felony convictions qualifying as crimes of violence under § 4B1.2(a)'s force clause or the enumerated offenses clause.[2] Petitioner's prior convictions included one state court conviction for robbery and one state court conviction for kidnapping.[3] Docket No. 9 at 3. Neither kidnapping nor robbery qualify as crimes of violence under the enumerated offenses clause.[4] At the time of Petitioner's conviction, kidnapping under Puerto Rico law consisted of moving or transporting a person from one place to another over a significant distance using force, violence, intimidation, fraud, or deceit. Docket No. 9 at 17-18 (citing *Pueblo v. Rivera Nazario*, 1996 WL 727879, 895-96 (P.R. Nov. 7, 1996)). Because this offense could be committed through fraud or deceit, it seems clear that this statute does not have "as an element the use, attempted use, or threatened use of physical force against the person of another" and, thus, would not categorically qualify as a crime of violence under § 4B1.2(a)(1).

Even assuming *arguendo* that kidnapping qualified as a crime of violence, the career offender sentencing enhancement requires at least *two* prior felony convictions for crimes of

---

[2] Excising the residual clause from § 4B1.2(a) means that, to qualify as a crime of violence, an offense must satisfy the force clause or the enumerated offenses clause. *United States v. Soto-Rivera*, 811 F.3d 53, 59-60 (1st Cir. 2016) (citations omitted).

[3] Petitioner also had state court convictions for criminal contempt of court, threats, and violations of the Puerto Rico Weapons Law. Docket No. 9 at 3 n.2. Petitioner contends that these do not qualify as crimes of violence. *Id*. Because the government does not argue that any of these offenses qualify as a crime of violence for purposes of the sentencing enhancement, the Court does not consider these convictions. *See United States v. Davila-Felix*, 667 F.3d 47, 55 (1st Cir. 2011) ("The Government bears the burden of establishing that a prior conviction qualifies as a predicate offense for sentencing enhancement purposes.") (citation omitted).

[4] At the time of Petitioner's sentencing, the enumerated offenses clause listed the following as crimes of violence: "burglary of a dwelling, arson, [] extortion, [or the] use of explosives." U.S.S.G. § 4B1.2(a)(2) (effective November 1, 2002)

violence and robbery under Puerto Rico law is not a crime of violence under the force clause. The Supreme Court of Puerto Rico has held that

> robbery by sudden snatching exists in Puerto Rico, that the slightest use of force is sufficient for the commission of the crime, and that the absence of bodily injury or even the danger to the victim [], or lack of opportunity to resist violence, do not have the effect of reducing the offense to the category of unlawful appropriation.

*People v. Batista Montanez*, 13 P.R. Offic. Trans. 401, 410 (P.R. 1982). The force clause in § 4B1.2(a) requires, as it pertains to robbery, "the amount of force necessary to overcome a victim's resistance." *Stokeling v. United States*, 139 S.Ct. 544, 555 (2019). Robbery by snatching does not meet this threshold and, thus, robbery under Puerto Rico law does not categorically qualify as a crime of violence under the force clause.

For these reasons, Petitioner no longer qualifies as a career offender under § 4B1.1.[5] Thus, Petitioner's Motion is hereby **GRANTED** as to this issue. Petitioner's total offense level is hereby reduced to 22, with a Criminal History Category of V, yielding a guideline range of 77 to 96 months, pursuant to the 2002 Sentencing Guidelines. Accordingly, the Court hereby **RESENTENCES** Petitioner to a term of imprisonment of 96 months as to Count One and 120 months as to Count Two, to be served consecutively, for a total term of imprisonment of 216 months, and a supervised release term of 3 years. An amended judgment shall be issued accordingly, and the Bureau of Prisons shall be notified immediately.

---

[5] Even though Application Note 1 of the 2002 Sentencing Guidelines includes kidnapping and robbery as crimes of violence, "where commentary is inconsistent with [Guidelines] text, text controls." *Soto-Rivera*, 811 F.3d at 60 (citations omitted). Therefore, as previously stated, by eliminating the residual clause from § 4B1.2(a), an offense must satisfy the force clause or the enumerated offenses clause to qualify as a crime of violence. *Id*.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of January, 2020.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge